IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Craig Douglas Hoglund and <br> Christine Joan Hoglund, <br><br>           Plaintiffs, <br><br> vs. <br><br> United States of America, Commissioner of Internal Revenue Service, Internal Revenue Service, its officers, employees and corps, including Dana (Hill) Fairchild, in her official capacity, and K Scott Franks, in their official capacity et al., <br><br>           Defendants. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Case No. 1:22-cv-153 |

Before the Court is the Defendants' ("United States")[1] motion to dismiss filed on May 22, 2023. See Doc. No. 15. The Plaintiffs filed a response in opposition to the motion on June 13, 2023. See Doc. No. 17. The Plaintiffs moved for summary judgment in their response in opposition. Id. The Defendants filed a reply on June 27, 2023. See Doc. No. 20. On June 30, 2023, the Court granted the Defendants motion for extension of time to response/reply (Doc. No. 32) in which the Defendants sought to extend their time to respond to the Plaintiffs' motion for summary judgment until the Court rules on their motion to dismiss. See Doc. No. 22. For the reasons set

---

[1] In their complaint, the Plaintiffs name the Internal Revenue Service ("IRS") and IRS employees in their official capacities to seek relief against the Government. A suit against the IRS is treated as one against the United States. Jones v. I.R.S., 216 F. Supp. 2d 955, 958 (D. Neb. 2002), aff'd, 60 F. App'x 642 (8th Cir. 2003) (internal quotation marks omitted); A suit against IRS employees in their official capacities is likewise treated as one against the United States. See, e.g., Buford v. Runyon, 160 F.3d 1199, 1201 (8th Cir.1998) ("[i]t is well settled that 'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity'") (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

1

forth below, the Defendants' motion to dismiss is granted and the Plaintiffs' motion for summary judgment is denied.

## I.     BACKGROUND

The Plaintiffs initiated this *pro se* action on September 21, 2022.  (Doc. No. 1). As far as the Court can surmise from the complaint, which is less than clear, the Plaintiffs appear to take issue with additional income tax, interest, and penalties assessed against them by the Internal Revenue Service ("IRS"). According to the complaint, the Plaintiffs filed their completed 2006 tax return with the IRS in October 2009. The Plaintiffs filed their completed 2007 tax return in March 2010. On January 7, 2011, IRS Examiner Sidney French ("French') sent the Plaintiffs a letter requesting an in-house examination. Following the letter, the Plaintiffs met with French to discuss 2006 and 2007 tax returns. On May 2, 2011, French issued an examination report for tax year 2006. Thereafter the Plaintiffs informed the IRS of their disagreement with the examination report and requested an appeal hearing. On August 2, 2011, French issued another examination report for tax year 2006. According to the complaint, the Plaintiffs did not receive an examination report for tax year 2007, but the examination from August 2, 2011, stated that the report was final and the Plaintiffs only recourse was to request a collection due process hearing. The remainder of the factual information contained in the complaint primarily appears to be a lengthy chronological account of the Plaintiffs' interactions with the IRS over several years regarding a dispute over the assessment of liabilities. The Plaintiffs also petitioned the United States Tax Court for relief. The United States Tax Court determined it lacked jurisdiction over the Plaintiffs' tax matters. While the complaint primarily focuses on tax years 2006 and 2007, it also contains references to tax years

2006 through 2014. In their prayer for relief, the Plaintiffs request tax refunds and compensatory and punitive damages for the alleged wrongful or negligent actions of the Defendants.[2]

On May 22, 2023, the Defendants filed a motion to dismiss. See Doc. No. 15. Based on the Plaintiffs' complaint and the included attachments, the Defendants construe the complaint to contain two claims: (1) a claim for refund for unspecified tax periods to contest the merits of the tax assessments under 26 U.S.C. § 7422; and (2) damages for unlawful collection action under 26 U.S.C. § 7433. The Defendants assert the Court lacks jurisdiction because the United States has not waived sovereign immunity, the claims are untimely, and the Plaintiffs failed to state a claim upon which relief may be granted.

On June 13, 2023, the Plaintiffs filed a combined response in opposition to the Defendants' motion and a motion for summary judgment. See Doc. No. 17. The Plaintiffs do not take issue with the way in which the Defendants have construed their claims or categories of relief or otherwise take the position that they have asserted additional claims that the Defendants missed.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Jurisdictional issues are a matter for the court to resolve prior to trial. Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). The Plaintiff bears the burden to prove subject matter jurisdiction exists. Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013).

---

[2] The Plaintiffs previously asserted similar claims against the United States when it brought suit on September 17, 2018. See Hoglund v. Kautter, Case No. 1:18-cv-189. On June 16, 2020, the Court dismissed the case when it adopted Magistrate Judge Charles S. Miller Jr.'s Report and Recommendation and granted the defendants' motion to dismiss on the basis of insufficient service. Id. at Doc. No. 293

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." Osborn, 918 F.2d at 729 n.6. In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (internal citation omitted). If a defendant wishes to make a factual attack on "the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

In this case, the Court will treat the motion as a facial attack and afford the Plaintiffs, the non-moving party, all the protections afforded by Rule 12(b)(6). The Court will consider only the complaint and the exhibits attached to the complaint. See Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (discussing a facial attack).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all

4

factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681.

Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief. Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

### III.  LEGAL DISCUSSION

The United States argues the Plaintiffs' complaint must be dismissed because 1) the Plaintiffs failed to establish a sovereign immunity waiver for their cause of action under 26 U.S.C. § 7433,  2) the Plaintiffs' Section 7433 claim is untimely, and  3) the Plaintiffs fail to state a claim upon which relief may be granted. The Plaintiffs argue the United States has waived sovereign immunity because individuals previously informed the Plaintiffs that they may file an action in federal court. The Plaintiffs also appear to argue their complaint was timely filed because they timely initiated their administrative appeal to the IRS. The Plaintiffs' response in opposition to the motion to dismiss also contains new allegations of fraud regarding the IRS and its employees,

which are not relevant to the Defendants' facial attack of jurisdiction under Rule 12(b)(1) and the Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6).

### A. SUBJECT MATTER JURISDICTION

The United States argues this Court lacks subject matter jurisdiction over this case because the Hoglunds failed to show the United States expressly waived sovereign immunity. It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. Peterson v. United States, 428 F.2d 368, 369 (8th Cir. 1970). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). "[S]tatutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25 (1951). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957). In a suit against the United States the Plaintiff bears the burden of showing both a waiver of sovereign immunity and a grant of subject matter jurisdiction. V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

26 U.S.C. § 7433 allows a taxpayer to recover actual, direct economic damages when an officer or employee of the IRS recklessly, intentionally, or negligently disregards any provision of the Internal Revenue Code ("Code") or any regulation promulgated under the Code in the collection of a federal tax. Under Section 7433 the United States has waived its sovereign immunity only for suits alleging harm caused by improper *collection* activities. Henry v. United States, 276 F. App'x 503, 505 (7th Cir. 2008). The United States has not waived its sovereign immunity for suits alleging an incorrect *assessment* of tax liability. Id. Accordingly, to waive

6

sovereign immunity under Section 7433, a taxpayer must "demonstrate that the IRS did not follow the prescribed methods of acquiring assets and absent allegations that the IRS engaged in improper collection procedures, even if those procedures followed an improper assessment activity, a plaintiff cannot collect damages under Section 7433." Behr v. United States, 2010 WL 1131383 (D. Minn. Feb. 8, 2010), report and recommendation adopted, 2010 WL 1131285 (D. Minn. Mar. 19, 2010), aff'd, 399 F. App'x 125 (8th Cir. 2010) (internal citations and quotation marks omitted).

Even under a liberal reading of the complaint the Hoglunds do not contend that any specific unlawful collection action caused them harm. Rather, the compliant simply provides a chronological account of their dealings with the IRS and states that "the Administrative Record in possession of the Internal Revenue Service…will contain all the Plaintiffs facts, financial disputes and claims." See Doc. 1, p. 12. The Hoglunds' Section 7433 claim is an attempt to litigate the merits of their underlying tax liabilities and no subject matter jurisdiction exists for such claims. See Henry v. United States, 360 F. App'x 654, 657 (7th Cir. 2010) (finding Section 7433 claims cannot be used to disguise what is fundamentally a dispute about the underlying tax liability.) In support of the Plaintiffs' contention that the United States has waived sovereign immunity in this case, the Plaintiffs point to instances when they were informed that a waiver of sovereign immunity exists for certain claims against the United States. The United States' waiver of sovereign immunity for certain tax claims does not establish that the United States has waived its sovereign immunity for the Hoglunds' claim in this particular case. The Hoglunds argue they relied on alleged consent to suit by an IRS Territory Tax Manager. The Eighth Circuit Court of Appeals has held, it is "incumbent upon the taxpayers to determine whether or not this employee was authorized to bind the Government." Whattoff v. United States, 355 F.2d 473, 478 (8th Cir. 1966). The United States does not have the burden to show that its agent's statement was not made with authority. Id.

The Hoglunds have not established that the IRS Territory Tax Manger had the authority to waive sovereign immunity. The Hoglunds failed to meet their burden of showing the United States waived its sovereign immunity. In the absence of such waiver, the Court lacks subject matter jurisdiction over the Hoglunds' Section 7433 claim. Accordingly, the Court grants the Defendants' motion to dismiss under Rule 12(b)(1).

### B.   STATUTE OF LIMITATIONS

Even if the Court has subject matter jurisdiction, the United States argues that the Hoglunds' Section 7433 claim must be dismissed because it falls outside the statute of limitations. Under 26 U.S.C. § 7433(d)(3) a taxpayer may file a suit against the United States under Section 7433 "only within 2 years after the date the right of action accrues." "[A] cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." Comcast of Illinois X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007).

Even if the Hoglunds had alleged a particular wrongful collection action, to fall within the applicable statute of limitations, the Hoglunds' claim must have accrued no more than two years prior to the filing of the complaint on September 21, 2022. The complaint contains a chronological account of the Hoglunds' interactions with the IRS beginning in 2009. Additionally, the Hoglunds' attachment to the complaint reveals they knew the critical facts related to the claim when they sent the Section 7433 letter on February 5, 2020. See Doc. No. 1-2. Even if the Hoglunds did not know the critical facts until they sent the letter on February 5, 2020, their claim for relief under Section 7433 accrued more than two years before the filing of the complaint on September 21, 2022. Thus, the Hoglunds' Section 7433 claim falls outside the two-year statute of limitations. The Hoglunds

do not provide a basis for equitable tolling of the limitations period. Accordingly, the Hoglunds' Section 7433 claim must be dismissed as untimely.

### C.       MOTION TO DISMISS UNDER RULE 12(b)(6)

The United States argues the Hoglunds' must be dismissed because the complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6). The Defendants construe the Plaintiffs' complaint to contain a Section 7422 claim and a Section 7433 claim, and the Plaintiffs do not take issue with this interpretation of their complaint.

26 U.S.C. § 7422 allows a taxpayer seeking a refund of taxes erroneously or unlawfully assessed to bring an action against the United States. In *McDonald v. IRS*, 1992 WL 470520 (D.N.D. Dec. 30, 1992) the Court found a tax refund claim must set forth each separate ground upon which relief is claimed and sufficient facts to appraise the Commissioner of Internal Revenue Service the exact basis of the claim. Similarly, when a refund claim is before the district court, the taxpayer must set forth each ground upon which relief is claimed as well as sufficient facts to establish the exact basis of the claim.

The Plaintiffs' complaint does not contain sufficient factual allegations to support a plausible Section 7422 claim. The complaint primarily consists of a chronological account of the Plaintiffs' dealings with the IRS regarding their dispute over the assessment of liabilities for tax years 2006 and 2007. However, the complaint contains little to no facts supporting the conclusory allegation of an erroneous assessment. The complaint fails to explain how the assessment is erroneous and provides little information outlining what occurred *before* the Plaintiffs began the administrative appeal process contesting the assessment. The Plaintiffs provided relevant procedural information but failed to provide relevant factual information in support of their claim.

The complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Not only do the Plaintiffs fail to set forth sufficient facts to establish the basis of the Section 7422 claim, but they also fail to establish the time periods in which they seek refunds. The complaint does not clearly specify which years the Plaintiffs seek a refund for. While the complaint primarily focuses on 2006 and 2007, it also references various years from 2006 through 2014. The complaint also does not assert the specific amount of refunds the Plaintiffs claim they are entitled to. Insofar as the Plaintiffs allege a Section 7422 claim, they have failed to state a claim upon which relief may be granted.

The complaint also does not contain sufficient factual matter, accepted as true, to state a Section 7433 claim that is plausible on its face. In *Mathis v. United States*, 113 F.3d 1238 (8th Cir. 1997), the Eighth Circuit Court of Appeals affirmed a district court's dismissal of Section 7433 claims when the plaintiff failed to demonstrate that IRS collection methods violated regulation or statute. Similarly, in this case the Plaintiffs failed to demonstrate that IRS collection methods violated regulation or statute by failing to identify what collection action was undertaken, how any such action was unlawful, reckless, or negligent, or facts in support of such conclusory allegations. It is difficult to ascertain precisely what the Plaintiffs take issue with, beyond their general disagreement with the IRS for tax years 2006 and 2007, among other years. The Plaintiffs' chronological account of their dealings with the IRS does not contain sufficient factual matter to support their conclusory allegations regarding their Section 7433 claim.

Accordingly, the Hoglunds fail to state a claim upon which relief may be granted as to their Section 7433 claim. Accordingly, dismissal is warranted. Because the Court grants the United States' motion to dismiss, the Plaintiffs' motion for summary judgment is denied.

IV.     **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant case law.  For the reasons set forth above, the United States' motion to dismiss (Doc. No. 15) is **GRANTED.** The Plaintiffs' motion for summary judgment (17) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court